IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.: 05-288 (GK) |
| | : | |
| v. | : | |
| | : | |
| DAVID JOHNSON | : | |
| | : | |

### STATEMENT OF OFFENSE

Pursuant to Fed. R. Crim. P. 11, defendant David Johnson agrees and stipulates as follows:

The defendant is charged by indictment with Bribery, pursuant to 18 U.S.C. §201(b)(2)(A) and (C), and 18 U.S.C. § 2 (Aiding and Abetting and Causing an Act to be Done).

At all times material to the offense, the Office of Finance and Treasury ("OFT") was an office under the District of Columbia Office of the Chief Financial Officer. The mission of OFT is to manage the assets and liabilities of the District of Columbia government. The Treasury Operations Unit is part of the OFT. That Unit is responsible for receiving and collecting receipts due the District of Columbia government. The Unit also deposits monies collected, and provides cashiering and related services to other agencies and departments, as dictated by the needs of the District of Columbia government. District of Columbia offices for which OFT Treasury Operations Unit provides cashiering support include the Recorder of Deeds, the Office of Tax and Revenue, the District of Columbia Regulatory Administration, the Department of Motor Vehicles ("DMV") and the Bureau of Traffic Adjudication ("BTA").

Persons who have been fined for various traffic or parking violations may pay those fines in person at the BTA office. OFT employed tellers who worked at the BTA office located at 65 K Street, N.E., Washington, D.C., whose job it was to accept payment of the fines, by cash, check, or credit card. Those fines are recorded in a computer system maintained by OFT (the "OFT system"). Once the fines are paid, the individual's DMV record, reflecting the parking or traffic violations, is

cleared.

Co-defendant TONETTE COOKS was employed by the District of Columbia OFT. For the majority of the time she worked for OFT, she was assigned to the Treasury Operations unit as a teller for the BTA at 65 K Street, N.E.. As of June 2003, COOKS had been employed with that office for 3 ½ years and was a well-trained and experienced teller.

Defendant JOHNSON knew COOKS from the neighborhood in which they both lived in Washington, D.C.. Since at least in or about June 2002, until COOKS' termination upon her arrest on August 7, 2003, COOKS and defendant JOHNSON were involved in a bribery scheme whereby COOKS manipulated the OFT computer to clear unpaid fines for parking and traffic violations out of the Department of Motor Vehicle ("DMV") system, without an actual payment of money to the D.C. Treasurer. Instead, cash bribes were accepted by COOKS and JOHNSON, acting as a middleman, from various customers as payment in full for these fines. The customers were given computerized printouts, purportedly as receipts which falsely indicated that the fines had been paid in full. JOHNSON operated as a "middleman," securing "customers," collecting their bribe payments, paying a portion of these bribe payments to COOKS and retaining a portion for himself, and otherwise facilitating the transfer of information regarding the "customers'" tickets and the return to them of receipts.

As a result of information obtained from a variety of sources, in the Spring and early Summer of 2003, the Federal Bureau of Investigation (FBI), in concert with Office of the Inspector General for the District of Columbia initiated an investigation into the activities of OFT tellers and others assisting them in taking bribes. As part of the investigation, undercover FBI agents, acting as individuals willing to pay money to have tickets expunged, met with COOKS and others. COOKS met with the undercover agents on several occasions and accepted bribe payments in exchange for

making false entries in the computer system and producing receipts which indicated that traffic fines had been paid in full.

FBI agents interviewed defendant JOHNSON on October 24, 2003. JOHNSON admitted to the agents that he worked as a "go-between" for COOKS. JOHNSON stated he lived in an apartment next to COOKS and would often meet COOKS near her residence to provide her with money to erase customers' traffic fines. He stated he met with her on average of 3 to 4 times per week to provide her with names and money, in exchange for her clearing the fines from the customers' records. JOHNSON stated that he payed COOKS varying amounts for clearing each customer's record, e.g., $300, $400 or more. Further investigation, including interviews with "customers," and analysis of DMV computer files and JOHNSON's and COOKS' cell phone records, confirmed the duration and extent of JOHNSON and COOKS bribery scheme.

The loss amount attributable to the bribery scheme carried out by JOHNSON and COOKS amounted to more than $30,000.

## DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Fed. R. Crim. P. 11, after consulting with my attorney, I agree and stipulate to this Statement of Offense.

Date: 9/13/05

David Johnson
Defendant

I have discussed this Statement of Offense with my client. I concur with his decision to stipulate to this Statement of Offense.

Date: 9/12/05

James W. Beane, Jr., Esquire
Attorney for the Defendant

3