UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | 05 cr 288  (GK) |
| v. | : | |
| | : | |
| | : | |
| DAVID JOHNSON | : | |
| | : | |
| Defendant. | : | |


MEMORANDUM IN AID OF RESENTENCING

Defendant, David Johnson, through undersigned counsel, respectfully submits this

memorandum to aid the Court in sentencing.


BACKGROUND

As the Court may recall Mr. Johnson was charged in a single count Indictment

charging him with, Receipt of a Bribe by a Public Official.  Mr. Johnson self surrendered to

the Court on August 18, 2005 and released pending trial on personal recognizance.  Mr.

Johnson entered a plea of guilty to the subject charge on October 12, 2005 prior to any

pleadings being filed or waste of Court resources.

Mr. Johnson was charged as a result of a lengthy investigation of a government official

who worked for the District of Columbia Office of Finance and Treasury (OFT).  Ms. Tonette

Cooks who was a teller responsible for collecting fines due from people with traffic related

offenses.  Mr. Johnson would collect money from people who owed fines.  He would then

give Ms. Cooks money and she would manipulate the OFC computer system and clear the fines from the system.

ARGUMENT

Pursuant 18 U.S.C. 3553 this Court must consider the following factors as it imposes a sentence upon Mr. Johnson:

1.  The nature and circumstances of the offense and the history and characteristics of the defendant;

2.  the need for the sentence imposed – considering that the sentence should reflect the seriousness of the offense such that it promotes respect for the law and provides just punishment for the offense, affords adequate deterrence to criminal conduct, protects the public from further crimes of the defendant and provides the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

3.  the kinds of sentences available;

4.  the kinds of sentences and the sentencing range established by the sentencing guidelines.

The Court must consider the Federal Sentencing Guidelines, however as the Court knows the guidelines are no longer mandatory. However, as the Court considers the guidelines and the range applicable to Mr. Johnson the Court must be mindful of Mr. Johnson' particular circumstances that are not considered by the guidelines. Where the guidelines do

not consider such mitigating factors as a stable family life, full time employment and supporting his child[1].

Thus when the Court considers the circumstances of the offense and the history and characteristics of the defendant the Court must realize that Mr. Johnson's has very limited criminal history. His one contact with the system occurred almost 10 years ago, and that was for failure to pay child support. Ultimately, the case was no papered. The circumstances of the offense dictate a minimal sentence. The crime was not a crime of violence and it did not involve selling or distributing illegal drugs. Although the crime involved the bribing of a government official Mr. Johnson was not that government official. In sum Mr. Johnson's crime was financial in nature involving no violence or danger of violence.

Where the Court analyzes the second factor, the Court must determine precisely how much jail time is sufficient to promote respect for the law, provide just punishment for the offense, affords adequate deterrence to criminal conduct, protects the public from further crimes of the defendant and provides the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. In this particular instance the crime to which Mr. Johnson plead guilty is a financial crime, although a serious offense it is perhaps less serious than the sale of crack cocaine or possession a firearm. Thus, when one considers the nature of the instant offense it becomes clear that the sentence required to adequately address the aforementioned objectives is not necessarily one of incarceration.

The final two considerations for the Court are what types of sentences are available and the applicable federal sentencing guideline range. As the Court knows from the Pursuant

---

[1] Mr. Johnson supported his child until March 2005, when he lost his job. He had been paying child support since 1995. In April 18, 2003,

to the Federal Sentencing Guidelines Mr. Johnson faces a term of imprisonment ranging from

18 to 24 months.  As mentioned above, the guidelines do not take into consideration the

mitigating factor of Mr. Johnson' stable family background and support of his family nor the

fact that he is currently employed.  When the Court considers these important mitigating

factors the Court must realize that the requirements of §3553 are best met by imposing a

sentence of supervised release.


CONCLUSION

For the reasons stated above, Mr. Johnson respectfully request that the Court impose a

sentence of supervised release.


Respectfully submitted,


_____

James W. Beane, Jr.

2715 M Street, NW
Suite 200
Washington, D.C. 20007
(202) 333-5905

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum in Aid of Sentencing was served via the Court's ECF system this 12th day of January, 2006, on Assistant United States Attorney, Robert Bowman.

_____
James W. Beane, Jr.